DEVIN BURSTEIN
State Bar No. 255389
Warren & Burstein
501 West Broadway, Suite 240
(619) 234-4433
db@wabulaw.com

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LEONARD GLENN FRANCIS,<br><br>    Defendant. | Case Nos.:<br>3:13-cr-03782-JLS<br>3:13-cr-03781-JLS<br>3:13-cr-04287-JLS<br><br>Unsealed documents |

        Pursuant to the Court's order of June 5, 2018, the parties jointly file the subject

documents on the docket via ECF.

                                                Respectfully submitted,

Dated: June 6, 2018                      /s/ *Devin Burstein*
                                                Devin Burstein
                                                Jeremy Warren
                                                Attorneys for Mr. Francis

                                                /s/ Mark Pletcher
                                                Assistant United States Attorney

SEALED COPY



FILED

NOV 1 4 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DEVIN BURSTEIN
State Bar No. 255389
Warren & Burstein
501 West Broadway, Suite 240
(619) 234-4433
db@wabulaw.com

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LEONARD GLENN FRANCIS,

    Defendant.

Case Nos.:
3:13-cr-03782-JLS
3:13-cr-03781-JLS
3:13-cr-04287-JLS

Unopposed motion for temporary release from detention for purposes of obtaining necessary medical treatment.

    To obtain necessary medical treatment, Mr. Leonard Francis moves, unopposed, for an order temporarily releasing him from detention to the care ███████

███████

    ███. This motion is based on the attached declaration of counsel and ███████

███████

1

**Declaration of counsel**

I, Devin Burstein, declare:

1.     I am an attorney of record for Leonard Francis, and have been so since April 2, 2015.

2.     Although the Court is familiar with Mr. Francis' medical issues, a brief recap will provide context to this motion:

a.     ███████████████████████████████

       ████████████   █████████████████

       ████████████████████████████████

       ███

b.     ███████████████████████████████

       ████████████████████████████

       ███████ █ ████ ████ █ ███ ████ ████

       ██████  ██████████████████████

       ████████████████████████████████

       ████████████████  ████  █████████

       ████████████████████████████████

       ████████████████████████████  ███

       ████████████████████████████████

       ████████████████████████████████

       █████████

2

d. ████████████████████████████████
████████████████████████████

3. ████████████████████████████████
████████████████████████████████
████████████████████████████ ██ █
████████████████████████████
██████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████ █
████████

b. ████████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████
████████████████████████████
██████████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████████████

3



Based on the significant medical needs, and input from the USMS, it was determined a medical furlough provides the most effective and efficient means of ensuring treatment. To that end, Mr. Francis moves this Court, unopposed, for a temporarily released from detention for the purpose of obtaining the necessary ▮▮▮ at his own expense. The following conditions of release would be appropriate:

a. Mr. Francis will be on hospital detention, prohibited from leaving the premises.

b. Mr. Francis will be on active GPS monitoring at all times, ▮▮▮

4

c. Mr. Francis will hire a private security guard to monitor his movement 24-hours a day and report any misconduct immediately and directly to government counsel or his designee. ███████████

███████████████████        ███████████

███████████████████████

d. Except as needed for admission to the hospital, Mr. Francis may not possess any travel or identification documents.

e. Mr. Francis may not possess cash or credit cards.

f. Any visitation beyond Mr. Francis' legal team will be pre-approved by the government.

6. Further, to effectuate the medical treatment under these conditions, Mr. Francis will ask the Court to issue an order providing for the following:

a. On December 18, 2017, by 9:00 a.m., the USMS will transfer Mr. Francis from the Otay Mesa Detention Center to the San Diego Federal Court Complex, and release him to Pretrial Services.

b. Pretrial Services will then place a GPS monitoring device on Mr. Francis, and monitor his movements throughout his release.

c. Thereafter, defense counsel will transport Mr. Francis directly from the Federal Court Complex to ███████ Hospital. Mr. Francis will then be admitted to the care ███████, under the release conditions described above. Mr. Francis shall bear all medical costs.

5

d. Upon his discharge from the hospital, defense counsel will transport Mr. Francis directly back to Pretrial Services for removal of the GPS device and surrender to the USMS, at which point the current order of detention will automatically be reinstated.

7.     A proposed order – previously reviewed by the parties – will be filed along with the motion.

8.     Because the motion discusses Mr. Francis' private health matters, he asks that it, and related exhibits, be filed under seal, along with the Court's order on the motion.  No party is requesting a hearing, but all are available at the Court's request.

Respectfully submitted,

Dated: November 9, 2017

/s/ *Devin Burstein*
/s/ *Jeremy Warren*
Devin Burstein
Jeremy Warren
WARREN & BURSTEIN
501 W. Broadway, Suite 240
San Diego, Ca. 92101

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

**Proof of Service**

I, Devin Burstein, am not a party to the action. My business address is 501 West Broadway, Suite 240, San Diego, CA 92101.  On November 9, 2017, I served the above document on the government and the USMS via email.

Dated: November 9, 2017                    /s/ *Devin Burstein*
                                          Devin Burstein
                                          Attorney at Law





**SEALED COPY**

FILED

NOV 1 4 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos.: |
| | 3:13-cr-03782-JLS |
| Plaintiff, | 3:13-cr-03781-JLS |
| | 3:13-cr-04287-JLS |
| v. | |
| | Order granting defendant's unopposed |
| LEONARD GLENN FRANCIS, | motion for temporary release from |
| | detention for purposes of obtaining |
| Defendant. | necessary medical treatment. |

Medical necessity having been established, the Court grants Defendant's unopposed motion for a temporary release from detention, as follows:

1. On December 18, 2017, by 9:00 a.m., the United States Marshals Service will transfer Defendant from the Otay Mesa Detention Center to the San Diego Federal Court Complex, and release him to Pretrial Services.

2. Pretrial Services shall place a GPS monitoring device on Defendant, and no later than 12:00 p.m., release Defendant to defense counsel for transportation to ███████ Hospital ████████

1

3. Defense counsel shall transport Defendant directly from the Federal Court Complex to the hospital.  Once there, Defendant shall be deemed under the medical care of his physician, ███████████████████████████

███████████████████████████████

4. Further, upon Defendant's admission to the hospital:

    a.  He shall be restricted to the hospital premises.

    b.  The GPS device shall remain in place at all times, ███████████

        ███████████████

    c.  A private security guard shall monitor Defendant's movements and visitation at all times.  The guard shall be stationed directly outside Defendant's hospital room. ███████ shall provide this service and will report directly to a person or persons designated by the Government.

    d.  Except as needed for admission to the hospital, Defendant may not possess any travel or identification documents.

    e.  Defendant may not possess cash or credit cards.

    f.  With the exception of his legal team, Defendant shall not be permitted any visitation unless preapproved by the Government.

5. Upon Defendant's discharge from the hospital, defense counsel shall transport him directly back to the Federal Court Complex and surrender him to the

United States Marshals Service.  Defendant's detention order shall then be automatically reinstated.

6. Defendant shall bear the costs of GPS monitoring, medical care and hospitalization, as well as the private security.

The Court further orders the defendant's motion and accompanying declarations and exhibits, as well as this order, be filed under seal.  This order shall be served on defense counsel and the Government.  Defense counsel shall provide copies to the United States Marshals Service and Pretrial Services.

So ordered.

Dated: _11/13/17_

Honorable Jan M. Adler
United States Magistrate Judge

3

ORIGINAL
COPY

FILED

18 FEB 27 AM 11: 06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD GLENN FRANCIS,<br><br>Defendant. | Case Nos.:<br>3:13-cr-03782-JLS<br>3:13-cr-03781-JLS<br>3:13-cr-04287-JLS<br><br>Order extending temporary release for purposes of obtaining necessary medical treatment. |

Medical necessity having been established, the Court amends the temporary release order, as follows:

1. The medical furlough is extended through May 30, 2018.

2. Pretrial Services shall continue GPS monitoring of Defendant.

3. Defendant shall be permitted to transfer from the hospital to a location provided by his supervising physician, ███████████. Defense counsel shall provide the address of the new location to the Government and Pretrial Services.

cc: CHAMBERS
AUSA
Defense

1

284 MH

4. Upon Defendant's relocation to the new facility:

    a. Defendant shall be restricted to the premises, except for medical appointments, physical therapy, and rehabilitation.

    b. A private security guard shall monitor Defendant's movement and visitation at all times.

    c. Except as needed for medical appointments, Defendant may not possess any travel or identification documents.

    d. Defendant may not possess cash or credit cards.

    e. With the exception of his legal team, Defendant shall not be permitted any visitation unless preapproved by the Government.

5. Defendant shall bear the costs of GPS monitoring, medical care, and the private security.

6. A status conference shall be held every thirty days.

This order shall be filed under seal, and served on defense counsel and the Government. Defense counsel shall provide copies to the United States Marshals Service and Pretrial Services.

So ordered.

Dated: _February 24, 2018_

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge





FILED

APR 1 1 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos.: |
| Plaintiff, | 3:13-cr-03782-JLS<br>3:13-cr-03781-JLS<br>3:13-cr-04287-JLS |
| v. | |
| LEONARD GLENN FRANCIS, | Order extending temporary release for purposes of obtaining necessary medical treatment. |
| Defendant. | |

Medical necessity having been established, the Court amends the temporary release order, as follows:

1. The medical furlough is extended through June 18, 2018.

2. Pretrial Services is permitted to remove the GPS device for a ▇▇▇▇ procedure. Defense counsel shall coordinate the timing of the ▇▇ procedure with Pretrial Services.

3. Defendant is permitted to undergo ▇▇▇▇ treatment as ordered by his physician, with advance notice to Pretrial Services. ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

1

1

2

3

4. Defendant is permitted to attend church once per week, with advance notice to Pretrial Services. Private security shall transport Defendant to and from church, and monitor him during church services.

5. All other conditions previously set in the Court's February 24, 2018, order shall remain in effect.

6. A status hearing shall be held on June 14, 2018, at 10:00 a.m.

This order shall be filed under seal, and served on defense counsel and the Government. Defense counsel shall provide copies to the United States Marshals Service and Pretrial Services.

So ordered.

Dated: 4/11/18

Honorable Janis L. Sammartino
United States District Judge

2



SEALED
COPY

APR 1 7 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFO⋅ ⋅ ⋅
BY                          DEf

**UNDER SEAL**

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>LEONARD GLENN FRANCIS,<br><br>　　　Defendant. | Case Nos.:<br>3:13-cr-03782-JLS #292<br>3:13-cr-03781-JLS #229<br>3:13-cr-04287-JLS #187<br><br>Order modifying temporary release conditions. |

Good cause having been shown, the Court amends the temporary release order, as follows:

1. At the request of the Government, Defendant shall be permitted to attend case-related meetings at the office of the United States Attorney or defense counsel.

2. Defendant shall also be permitted to attend court proceedings in which he is a defendant, or his presence is required as a witness.

3. All other conditions previously set shall remain in effect.

This order shall be filed under seal, and served on defense counsel and the Government.   Defense counsel shall provide copies to the United States Marshals Service and Pretrial Services.

So ordered.

Dated: _____4/17/18_____

Honorable Janis L. Sammartino
United States District Judge

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos.: |
| | 3:13-cr-03782-JLS |
| Plaintiff, | 3:13-cr-03781-JLS |
| | 3:13-cr-04287-JLS |
| v. | |
| | Order modifying temporary release |
| LEONARD GLENN FRANCIS, | conditions. |
| | |
| Defendant. | |

To facilitate the United States Navy's request for Defendant to testify for the prosecution in the upcoming trial of *United States v. CDR David Morales*, the Court amends the temporary release order, as follows:

1. Between May 29, 2018 and June 6, 2018, Defendant shall be permitted to travel outside of the district to Norfolk, Virginia, reside in a hotel as needed, and testify as a witness in the above-mentioned trial.

2. Defendant shall telephonically report to his pretrial services officer daily.

3. All other conditions previously set shall remain in effect.  However, the private security condition shall be temporarily lifted, on the condition that defense

1

counsel travels with, stays in the same hotel as, and monitors Defendant during the travel period.

This order shall be filed under seal, and served on defense counsel and the Government.   Defense counsel shall provide copies to the United States Marshals Service and Pretrial Services.

So ordered.


Dated: _____                    _____
                                             Honorable Janis L. Sammartino
                                             United States District Judge

2

```
1                        THE UNITED STATES DISTRICT COURT
                      FOR THE SOUTHERN DISTRICT OF CALIFORNIA
2

3                        HONORABLE JANIS L. SAMMARTINO
                        UNITED STATES DISTRICT JUDGE PRESIDING
4

5       _____

6       UNITED STATES OF AMERICA,       )   NO. 13-CR-3781-JLS
                                        )   NO. 13-CR-3782-JLS
7                       PLAINTIFF,      )   NO. 13-CR-4287-JLS
                                        )
8                                       )   MAY 16, 2018
        VS.                             )
9                                       )
        LEONARD GLENN FRANCIS,          )   MOTION HEARING
10                                      )
                        DEFENDANT.      )
11
        _____
12

13
        APPEARANCES:
14

15      FOR THE PLAINTIFF:        MARK W. PLETCHER
                                  U.S. ATTORNEY'S OFFICE
16                                SOUTHERN DIST. OF CALIFORNIA
                                  CRIMINAL DIVISION
17                                880 FRONT STREET, SUITE 6293
                                  SAN DIEGO, CA  92101
18

19
        FOR THE DEFENDANT:        DEVIN JAI BURSTEIN
20                                WARREN & BURSTEIN
                                  501 WEST BROADWAY, SUITE 240
21                                SAN DIEGO, CA  92101

22

23

24

25      THE COURT REPORTER:       GAYLE WAKEFIELD, RPR, CRR
```

1

```
1     MAY 16, 2018

2                       AFTERNOON SESSION

3              THE CLERK:  CALLING MATTER NUMBER ONE ON THE CALENDAR,

4     13-CR-3781, 13-CR-3782 AND 13-CR-4287, UNITED STATES OF AMERICA

5     VS. LEONARD GLENN FRANCIS, FOR A SEALED STATUS HEARING.

6              MR. PLETCHER:  GOOD AFTERNOON, YOUR HONOR, MARK

7     PLETCHER FOR THE UNITED STATES.

8              THE COURT:  THANK YOU.  THE COURT HAS READ THE ORDER.

9     I WILL NOT SIGN IT.  I WILL NOT AUTHORIZE THE TRAVEL THE WAY

10    IT'S CURRENTLY PROPOSED.

11    ████████████████████████████████████████████████████████████

12    ████████████████████████████████████████████████████

13    ██████████   ███████████████████████████████████████████

14    ██████████████████████████████████████████████████████

15    ███████████████████████████████████████████████████████████

16    ████████████████████████████████████████████████.

17             I ALSO QUESTION THE NEED TO CONTINUE TO HOLD THESE

18    PROCEEDINGS IN CLOSED SESSION.  I THINK WE SHOULD START GOING

19    INTO OPEN SESSION. ████████████████████████████████████████

20    █████████████████████████████████   █████████████████  █

21    █████████████████████████████████████████████████████

22    ██████████████████████████████████████████████

23    ████████████████████████████████████████████████████

24    ████████████████████████████████████████   █████████

25    ████████████████████████████████████████████████  █
```

2

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████████

4 ████████████████████████████    ████████████████████

5 ████████████████

6          MR. BURSTEIN:  YES, YOUR HONOR.  JUST TO BE CLEAR, THIS

7 IS -- WE RECEIVED A SUBPOENA FROM THE NAVY.

8          THE COURT:  THAT'S FINE.  I'M NOT SENDING YOUR CLIENT,

9 SIR, WITHOUT SECURITY, ACROSS THE COUNTRY.  AND I UNDERSTAND

10 THAT HE GOT A SUBPOENA, BUT HE IS A DEFENDANT IN MY CASE, IN

11 THIS DISTRICT, AND HE'S ON MEDICAL FURLOUGH.  IF MEDICAL

12 FURLOUGH IS NO LONGER NEEDED, WHICH I'M QUESTIONING RIGHT NOW,

13 HE SHOULD BE REMANDED.  IF HE'S REMANDED, MAYBE THE MARSHAL

14 WILL TAKE HIM, MAYBE THEY WON'T, BUT HE IS NOT GETTING ON A

15 PLANE AND GOING ACROSS COUNTRY WITH YOU, SIR.

16          MR. BURSTEIN:  YOUR HONOR, I WAS ONLY -- JUST

17 ADDRESSING THE MEDICAL FURLOUGH.  I DON'T WANT HIM TO TRAVEL,

18 PERSONALLY.  I DON'T THINK IT'S A GOOD -- I THINK HE'S SICK AND

19 NEEDS CARE, AND I DON'T THINK HE SHOULD TRAVEL, BUT -- I MEAN,

20 I AGREE.  I'M IN AN IMPOSSIBLE SITUATION HERE.  THIS IS -- I'VE

21 RECEIVED A SUBPOENA.  I DO HAVE AN OBLIGATION TO COOPERATE.

22 I'M TOLD TO GET HIM TO VIRGINIA, AND THAT'S WHY I EMAILED THE

23 COURT.  SO I JUST WANT TO STEP BACK.  THIS IS NOT UNDER THE

24 AUSPICES OF DEFENSE COUNSEL, QUITE TO THE CONTRARY.  I THINK HE

25 IS BEST SERVED UNDER THE CARE OF HIS DOCTORS.  ████████████

1  ████████████████████████████████████████████████

2  ████████████████████████████████████████████████

3  SO I JUST WANT TO BACK UP BECAUSE I THINK WE MAY HAVE

4  STARTED ON THE WRONG FOOT, UNINTENTIONALLY, YOUR HONOR.  I'M

5  NOT LOOKING TO TAKE HIM ACROSS THE COUNTRY.

6  THE COURT:  I THOUGHT THIS WAS A PROPOSED JOINT ORDER

7  REQUESTING MY SIGNATURE FROM BOTH OF YOU, THAT NEITHER ONE OF

8  YOU OPPOSE, TO DO THAT.

9  MR. BURSTEIN:  IT'S BEING FOISTED UPON US.

10  THE COURT:  NOTHING'S EVER FOISTED ON YOU, SIR.  YOU'RE

11  GOOD DEFENSE COUNSEL.  IF HE'S NOT ABLE TO MAKE THIS TRIP, SO

12  BE IT.

13  I UNDERSTAND THE NAVY'S NOT WILLING TO BRING THE TRIAL

14  HERE.  THAT'S THE NAVY'S PROBLEM.  THE NAVY CAN SUBMIT THEIR

15  PERSON TO THE U.S. ATTORNEY'S JURISDICTION AND WE'LL TAKE CARE

16  OF IT HERE OR THE U.S. DISTRICT ATTORNEY'S OFFICE OVER THERE

17  WILL TAKE CARE OF IT.  THEY'RE NOT DOING MUCH WITH THESE CASES

18  AS WE ALL KNOW, RIGHT?

19  MR. PLETCHER:  YOUR HONOR, THIS CASE IN PARTICULAR IS A

20  COURT-MARTIAL UNDER THE UCMJ, SO IT'S A PARALLEL FEDERAL

21  CRIMINAL PROCEDURE IN A COURT OF PARALLEL JURISDICTION TO THIS

22  COURT.  THEY HAVE THE POWER TO SUBPOENA WITNESSES AND CALL

23  WITNESSES FROM WHEREVER, AND THAT I BELIEVE IS WHAT THEY

24  INTENDED TO DO BY SUBMITTING THIS SUBPOENA.

25  THE COURT:  WHAT ABOUT A DEFENDANT IN ANOTHER CRIMINAL

```
1        CASE, MR. PLETCHER, WHAT DO WE DO THERE?  LET'S FORGET FOR A

2        MINUTE THE MEDICAL FURLOUGH ISSUE.

3              MR. PLETCHER:  I MEAN, IF THAT DEFENDANT -- IT USUALLY

4        IS THAT DEFENDANT'S CHOICE, RIGHT?  IF THAT DEFENDANT IS

5        WILLING TO TESTIFY, AND IS NOT GOING TO TAKE THE FIFTH IN

6        TESTIFYING, THEN IF THAT PERSON'S INCARCERATED THEN

7        ARRANGEMENTS CAN BE MADE WITH THE UNITED STATES MARSHALS.  IN

8        THIS CASE HE'S NOT, SO THIS IS THE PROCEDURE BY WHICH TO ALLOW

9        HIM TO MOVE TO A DIFFERENT LOCATION FOR THOSE THREE DAYS OR

10       FOUR DAYS TO TESTIFY.

11             THE COURT:  I'M NOT WILLING TO LET HIM GO WITHOUT --

12             MR. PLETCHER:  THE QUESTION OF GUARD IS ONE THAT MR.

13       BURSTEIN HAS BEEN DISCUSSING WITH ME AND WAS INSISTENT THAT IT

14       WOULD BE MUCH EASIER FOR THEM LOGISTICALLY TO TRAVEL WITHOUT

15       THE GUARD CONDITION.

16             THE COURT:  BUT LISTEN --

17             MR. PLETCHER:  IF THAT'S THE CONDITION THAT YOUR HONOR

18       PUTS ON IT IS TO HAVE THE GUARD GO WITH HIM --

19             THE COURT:  I'M NOT SURE I'LL EVEN ACCEPT THAT AS A

20       CONDITION ███████████████████████████████████

21       ██████████████      █████████████████████████

22       ██████████████████████████████████████████████

23       ███████████████████████    █████████████████████

24       ████████████████████████████████████████████

25       █████████        ██████████████████████████████████
```

5

1      ██████ .

2            MR. PLETCHER:  I THINK THAT'S A REASONABLE CONCERN.

3

4

5                                                              .

6            ██████        ████████████ .

7            MR. PLETCHER:  THIS PERIOD OF TIME FOR HIM TO TRAVEL

8      HAS BEEN LIMITED TO SUCH AN EXTENT THAT IT WON'T INTERFERE WITH

9      THE BROADER BASE OF TREATMENT, AT LEAST AS HOW I UNDERSTAND IT,

10     BUT I THINK THAT OBVIOUSLY WE PUT THAT STATUS HEARING IN THERE

11     IN JUNE TO MAKE SURE THAT THE COURT AND THE GOVERNMENT COULD

12     CONTINUE TO MONITOR WHETHER A MEDICAL FURLOUGH WAS APPROPRIATE.

13           THE COURT:  ████████████████  ████

14     ██████████████████████████████

15     ██████████████████████

16     ████████  ████████████████

17     ██████████████  ████████████

18     ██████████████  ██████████

19     ████  ████████████

20           MR. PLETCHER:  THERE'S A MUCH MORE REGULARIZED

21     PROCEDURE FOR THAT, RIGHT, BECAUSE THE MARSHALS THEIR JOB IS TO

22     MOVE PEOPLE IN CUSTODY FROM ONE PLACE TO THE NEXT, AND SO THERE

23     IS A WAY TO MAKE THAT HAPPEN WITH SUBPOENA, AND THEN WE, YOU

24     KNOW, TAKE A WRIT TO THE MARSHALS AND HAVE HIM MOVED.  AND

25     WHILE HE'S A PENDING DEFENDANT, THAT FACT DOESN'T HAVE ANY

6

1         IMPACT REALLY ON WHETHER HE NEEDS TO BE IN ANY OTHER PARTICULAR

2         PLACE.

3                I THINK THAT THE -- I DON'T THINK THOUGH THAT THE --

4         I'M NOT GOING TO SPEAK FOR THE COURT.  I DON'T THINK, FROM MY

5         PERSPECTIVE, THAT THE NECESSITY FOR MEDICAL FURLOUGH HAS

6         CHANGED BECAUSE WE'RE SAYING THAT HE CAN FOR FOUR DAYS BE

7         WITHOUT MEDICAL TREATMENT, OVER A WEEKEND, AND GO FROM ONE

8         PLACE TO THE NEXT.  ████████████████████████████████

9         ███████████

10             ████████  ██████████████████████████

11         ███████  ████████████████████████████

12         ████████████████████████████  ███████████

13         ██████████████████████████████

14         ██████.

15                MR. PLETCHER:  I'LL LET MR. BURSTEIN SPEAK.

16                MS. BURSTEIN:  I AGREE WITH MR. PLETCHER.  YOUR HONOR,

17         I CAN'T STRESS IT ENOUGH.  HE IS SERIOUSLY, SERIOUSLY ILL.

18         THIS IS NOT -- IT CAME FROM MY EMAIL, BUT ONLY BECAUSE I

19         RECEIVED A SUBPOENA, AND I -- IT COULD HAVE AND PERHAPS SHOULD

20         HAVE COME FROM THE GOVERNMENT'S EMAIL.  I WAS JUST --

21                THE COURT:  NO, IT DOESN'T MATTER WHOSE EMAIL IT CAME

22         FROM, MR. BURSTEIN.

23             ████████████  ████████████████████████

24         ████████████████████

25                THE COURT:  THEN HE SHOULDN'T BE MAKING THE TRIP.

1          MS. BURSTEIN:  I DON'T DISAGREE WITH THE COURT, BUT

2     WHAT AM I SUPPOSED TO DO?  I HAVE A SUBPOENA.  HE IS LAWFULLY

3     REQUIRED TO BE THERE.  UNLESS THE GOVERNMENT'S GOING TO MOVE TO

4     QUASH THE NAVY'S SUBPOENA, I'M IN A POSITION OF ZERO POWER.  I

5     MADE THE REQUEST --

6          THE COURT:  I'M NOT AUTHORIZING THE TRAVEL.

7          MS. BURSTEIN:  OKAY.  I'LL TELL THE NAVY, AND IF THEY

8     WANT TO SEEK AN ARREST WARRANT, THEN THEY CAN, AND I'LL JUST

9     LEAVE IT AT THAT.

10         THE COURT:  DIDN'T I LEARN FROM SOMETHING THAT YOU'VE

11    SUBMITTED THAT THEY WOULDN'T MOVE THE TRIAL HERE?  SOMEBODY

12    ASKED FOR THAT, I THINK.  DO I RECALL THAT, MR. PLETCHER?

13         MR. PLETCHER:.  THAT'S RIGHT, YOUR HONOR.  I WANT TO

14    MAKE VERY CLEAR, I'M HERE AS THE PROSECUTOR OF MR. FRANCIS'S

15    CASE, NOT AS THE PROSECUTOR OF UNITED STATES VS. MORALES IN THE

16    UCMJ PROCEEDING.  THERE IS A PROSECUTOR FOR THAT CASE.  THEY

17    ARE A SEPARATE AND INDEPENDENT GROUP FROM US.  OBVIOUSLY THIS

18    WITNESS IS A WITNESS THAT IS INVOLVED IN BOTH CASES, BUT I

19    DON'T WANT TO TAKE ON ANYTHING IN THEIR CASE.  I DON'T WANT TO

20    MAKE ANY REPRESENTATIONS AS TO WHAT'S IN THEIR MIND, AND SO

21    THAT'S EXACTLY WHY WE'RE HERE -- WHY I'M HERE RIGHT NOW.

22         THE COURT:  ALL I'M SAYING TODAY IS I'M NOT SIGNING THE

23    ORDER.

24         MR. PLETCHER:  YOU ASKED THE QUESTION, THEY DID MOVE

25    FOR CHANGE OF VENUE, AND THAT MOTION --

```
 1              THE COURT:  WHO DID?

 2              MR. PLETCHER:  THE PROSECUTOR IN THE UCMJ CASE, AND

 3    THAT WAS MOTION WAS DENIED BY THE JUDGE THERE.  THAT ISSUE IS

 4    NEITHER HERE NOR THERE FOR THIS COURT, BUT THAT'S FACTUALLY

 5    WHAT HAPPENED.

 6              THE COURT:  AND SO WHO COULD MOVE TO QUASH THE SUBPOENA

 7    ON MR. FRANCIS?

 8              MR. PLETCHER:  MR. FRANCIS.

 9              MS. BURSTEIN:  ███    ████████████████████████

10    ████████████████████████████████████████████████████████

11    ████████

12          ████████████████████████████████████████████████

13    ████████████████████████████████████████████████████████

14    ████████████████████████████████████████████████████

15    ████████████████████████████████████████████████████████

16    ████████████████████████████████████████████████████████████

17    ██████  ████████████████████████████████████████████████

18    ████████████████████████████████████████████████████

19    ████████████████████████████████████████████████████████

20    ██████████████████████████████████████████████

21    ████████  ██████████████████████████████████

22    ██████████████████████████████  ██████████████████████████

23    ████████████████████

24              THE COURT:  LET ME SAY THIS, ALL I CARE ABOUT ARE MY

25    CASES WITH MR. LEONARD FRANCIS, AND RIGHT NOW HE'S ON MEDICAL
```

```
 1        FURLOUGH, OKAY, FOR SERIOUS REASONS, AND YOU BROUGHT A VERY
 2        FINE POSITION IN TO EXPLAIN THE SITUATION.  I WAS IN AGREEMENT
 3        WITH IT.  I SIGNED AN ORDER SINCE THEN MODIFYING SOME
 4        CONDITIONS.  YOU LOOK SURPRISED, BUT IN ONE OF THE MOST RECENT
 5        ORDERS MR. PLETCHER SAID THAT MR. FRANCIS COULD GO TO THE U.S.
 6        ATTORNEY'S OFFICE AND HAVE MEETINGS AND WHATNOT.  I THOUGHT
 7        THAT'S OKAY.  PRETTY SOON YOU BETTER GO PUBLIC WITH THIS
 8        BECAUSE SOMEBODY'S GOING TO SEE MR. LEONARD FRANCIS -- SOME
 9        MEDIA PERSON IS GOING TO SEE HIM WALKING IN.  I DON'T KNOW
10        WHETHER YOU BRING HIM IN THE BACK DOOR OR WHAT YOU'RE DOING,
11        BUT I THINK THE TIME HAS COME TO MAKE THIS PUBLIC.
12             THE OTHER THING THAT'S COME TO PASS NOW IS I THINK THE
13        TIME HAS COME, IF THE GOVERNMENT DOESN'T MIND WHETHER HE'S IN
14        CUSTODY OR NOT, THEN BRING IT IN IN OPEN COURT IN FRONT OF ME
15        AND SEE WHAT I THINK.  I'VE ACCEPTED WHERE HE WAS BECAUSE OF
16        HIS HEALTH ISSUES.
17
18
19
20
21
22
23
24             IF
25
```

10

1          ████████████████████████████ LET'S DO THIS IN FRONT

2     OF THE MEDIA AND EVERYBODY AND GET THIS OUT IN THE OPEN, BUT I

3     DON'T LIKE DOING ANYMORE IN CLOSED SESSION, AND I THINK WE

4     BETTER BE CLEAR WHAT WE'RE DOING.

5          I'M JUST WORRIED ABOUT MY CASE.  I'M LESS WORRIED ABOUT

6     COMMANDER MORALES'S TRIAL RIGHT NOW.  █████████████████████

7     ███████████████████████████████.

8          MS. BURSTEIN:  THAT'S CORRECT, YOUR HONOR, AND THE

9     HEALTH.  I DON'T THINK -- PERSONALLY, I THINK MR. PLETCHER AND

10    I AGREE.  WE HAVE BOTH TALKED TO THE DOCTOR INDEPENDENTLY.  WE

11    -- I THINK I CAN SPEAK FOR HIM -- DO NOT BELIEVE THIS IS THE

12    GREATEST OF IDEAS, BUT I AM UNDER A LEGAL OBLIGATION AND SO I'M

13    STUCK.

14          IF YOUR HONOR DOESN'T SIGN THE MOTION, I WILL TELL THE

15    NAVY THAT THEY CAN GO ARREST HIM, AND THAT IS AS SIMPLE AS

16    THAT.  I DON'T THINK THEY'LL DO IT, AND THAT WILL BE -- I DON'T

17    THINK THEY'LL DO IT, █████████████████████████████████████████

18    █████████████ █████████████████████████████

19    ███████████████████████ █████████████████████

20          THE COURT:  I'M THE ONE THAT'S DOING IT, NOT MR.

21    FRANCIS.  I'M SAYING THAT NOBODY'S GOING ANYWHERE BASED ON

22    THIS, AND HE'S NOT ABLE TO GO IF I DON'T SIGN IT.

23          MS. BURSTEIN:  EXACTLY.

24          THE COURT:  AND THAT'S WHERE WE ARE.  I MEAN, I DON'T

25    KNOW IF YOU EXPECTED WHAT I'VE BEEN SAYING THIS AFTERNOON OR

1      NOT, BUT IF YOU WANT A FEW MINUTES TO THINK ABOUT IT.  I'VE

2      BEEN THINKING ABOUT IT SINCE I SAW THE ORDER, AND I CAN'T

3      REALLY COME UP WITH ANYTHING ELSE.  I MEAN, I CAN THINK OF A

4      MILLION HIGH-TECH WAYS FOR HIM TO PARTICIPATE IN THE TRIAL FROM

5      HERE, AND I'M SURE YOU'VE OFFERED THAT.

6           MS. BURSTEIN:  WE HAVE.  AND INITIALLY, YOUR HONOR, IF

7      YOU SAW FROM MY INITIAL EMAIL TO MR. RAMOS, THEY WANTED HIM OUT

8      THERE FOR A FULL WEEK.  I JUST SAID WE CAN NOT DO THAT.  I

9      TALKED TO MR. PLETCHER AND HE SAID THAT'S UNREASONABLE, AND I

10     SAID THANK YOU FOR SAYING THAT BECAUSE I BELIEVE IT'S

11     UNREASONABLE.  ████████████████████████████████

12     ████████████████████  ████████████████████████

13     ███████████████████████████████  ██████

14     ██████████

15          THE COURT:  IT'S SORT OF OUTRAGEOUS IF HE'S NOT WELL,

16     AND I'M QUESTIONING THAT RIGHT NOW, IF HE'S NOT WELL TO GO

17     ACROSS THE COUNTRY AND BACK.  HE COULD BE SET UP IN ANY NUMBER

18     OF CONFERENCE ROOMS THAT YOUR OFFICE HAS, AND PROBABLY YOUR

19     OFFICE HAS, TOO, AND DO A LIVE FEED, DO DIRECT, CROSS, WHATEVER

20     YOU NEED TO.

21          IT'S A MILITARY TRIAL SO THERE'S NOT A JURY, RIGHT?

22          MR. PLETCHER:  WELL, MILITARY TRIALS IN GENERAL DO HAVE

23     A JURY, BUT IN THE LAST DAY THE DEFENSE HAS ASKED TO PROCEED

24     ONLY BY A BENCH TRIAL.  SO IN THIS CASE THAT HAS CHANGED SINCE

25     THE INITIAL REQUEST, AND SO NOW THERE IS STILL THE SIXTH

1      AMENDMENT RIGHT TO CONFRONT AND CROSS-EXAMINE, WHICH GENERALLY

2      MEANS FACE-TO-FACE BY THE ACCUSED, BUT BECAUSE THIS IS ONLY A

3      BENCH TRIAL, THERE MAY BE I THINK SOME HIGH-TECH WAY AROUND

4      THAT.

5           THE COURT:  THE OTHER THING, MR. PLETCHER, THE DOCTOR

6      COULD ALSO SAY THIS IS NOT IN THE PATIENT'S BEST INTERESTS, IF

7      HE TRULY BELIEVES THAT.  I DON'T WANT ANYBODY TO SAY WHAT THEY

8      DON'T TRULY BELIEVE, AND YOU KNOW FROM THE LAST GO AROUND WITH

9      THE DOCTOR, I NEED TO BE EDUCATED AND INFORMED ON THIS.  IF HE

10     CAN MAKE THE TRIP, DON'T LIE.  IF HE CAN'T MAKE THE TRIP, PUT

11     IT OUT THERE.

12          MR. PLETCHER:  ███████████████████████████████████

13     ████████████████████████████████████████████████████████

14     ████████████████████████████████████     THE MEDICAL

15     FURLOUGH IS APPROPRIATE AS DESCRIBED BY THE DOCTOR LAST TIME,

16     OBVIOUSLY MR. BURSTEIN AND I AREN'T DOCTORS, BUT AS THE DOCTOR

17     DESCRIBED HE'S ON MEDICAL FURLOUGH FOR THESE REASONS, ███████

18     ████████████████████████  ███████████████████

19     ████████████████████████████████  ████████████████

20     ███████████████████████████████████████████████████

21     ███████████████████  ██████████████████████████████

22     ████████████████████████████████████████

23     ████████████████████████████████████  ███████████

24     ███████████████████████████████████████████████

25     █████████████████████

13

1          THE COURT:  IN FACT, THE DOCTOR LAST TIME SAID WITH A

2     LITTLE GOOD FORTUNE, AND HE'S GETTING THE BEST OF MEDICAL CARE,

3     THIS WILL BE SOMETHING THAT HE MANAGES AND HE'LL LIVE FOR MANY

4     YEARS, SO WE KNOW THAT.

5          IF WE ACCEPT WHAT YOU'RE SAYING, AND I DO, MR.

6     PLETCHER, THEN IT COMES DOWN TO A SECURITY ISSUE.  I'M NOT

7     SENDING HIM THERE.

8          WERE YOU GOING TO BE THE SECURITY, MR. BURSTEIN?

9          MS. BURSTEIN:  YES, YOUR HONOR.  LET ME TRY AND ASK THE

10    COURT TO RECONSIDER, AND LET MY ME GIVE YOU SOME REASONS WHY.

11         THE COURT:  SURE.

12         MS. BURSTEIN:  I THINK I HAVE, AT LEAST IN THIS, BOTH

13    THE SUPPORT OF MR. KOSMO AND MR. PLETCHER ON THIS PARTICULAR

14    ISSUE.  THE FACT OF THE MATTER IS, YOUR HONOR --

15         THE COURT:  WHO IS MR. KOSMO?

16         THE PRETRIAL SERVICES OFFICER:  I AM, YOUR HONOR.

17         THE COURT:  OH, MR. KOSMO FROM PRETRIAL.  I'M SORRY.

18         THE PRETRIAL SERVICES OFFICER:  FROM PRETRIAL, YES,

19    YOUR HONOR.

20         THE COURT:  I NEVER ASKED YOU YOUR VIEW OF THIS.  ARE

21    YOU SUPPORTING THIS?

22         THE PRETRIAL SERVICES OFFICER:  YOUR HONOR, WHAT WE

23    RECEIVED FROM MR. BURSTEIN WAS A REQUEST TO TRAVEL FOR COURT

24    PURPOSES, AND WE HAVE DEFENDANTS ON BAIL TRAVEL FOR COURT

25    PURPOSES ALL THE TIME.  WE WEREN'T GOING TO OPPOSE SOMETHING

1     FOR HIM TO SERVE HIS OBLIGATION TO THE GOVERNMENT.  HE'S ON GPS

2     MONITORING SO WE WERE NOT IN OPPOSITION.  WE SEE THE GPS POINTS

3     AT THE AIRPORT.  HE TAKES OFF.  WE SEE THE GPS POINTS AT THE

4     OTHER AIRPORT ACROSS THE COUNTRY, SO WE WEREN'T GOING TO

5     OPPOSE.

6            THE COURT:  YOU'RE NOT OPPOSING?

7            THE PRETRIAL SERVICES OFFICER:  RIGHT.

8            THE COURT:  THANK YOU.

9            OKAY, GO AHEAD.

10           MS. BURSTEIN:  LET ME FLESH OUT, YOUR HNOR, EXACTLY HOW

11    IT WOULD WORK.  YOUR HONOR KNOWS ME, AND SO I HOPE THAT YOUR

12    HONOR TAKES WHAT I SAY AT FACE VALUE.

13           THE COURT:  OF COURSE.

14           MS. BURSTEIN:  WHAT WOULD HAPPEN IS THAT I WILL BE WITH

15    MR. FRANCIS FROM THE MOMENT -- I WILL PICK HIM UP.  I WILL TAKE

16    HIM TO THE AIRPORT.  I WILL SIT NEXT TO HIM.  IF THE COURT'S

17    GOING TO ALLOW THIS, I WILL BE IN THE SEAT NEXT TO HIM.  I WILL

18    BE IN THE ADJOINING ROOM.  IF HE EVER -- WHENEVER HE NEEDS TO

19    LEAVE THE HOTEL, IT WILL ONLY BE WITH ME WITH ADVANCE KNOWLEDGE

20    AND ADVANCE WARNING TO MR. KOSMO.  I WILL SET -- HE'LL BE

21    WATCHED THE WHOLE TIME ON GPS.  I WILL HOLD HIS IDENTIFICATION

22    DOCUMENT.  I WILL BE MR. FRANCIS'S SHADOW.  AND I WANT TO

23    EXPLAIN WHY I THINK THAT THE COURT CAN RELY ON THAT AND NO

24    MORE --

25           TO BACK UP, A LOT OF WHAT THE COURT KNOWS ABOUT MR.

```
 1    FRANCIS, AND FOR THE FIRST TIME IN MY CAREER I CAN KIND OF
 2    UNDERSTAND SOME FRUSTRATIONS OF THE GOVERNMENT WITH DEFENSE
 3    LAWYERS, IT COMES FROM HOWEVER MANY DEFENDANTS, 20-SOMETHING
 4    DEFENDANTS, HAVE BEEN BEFORE YOUR HONOR TO BE SENTENCED AND
 5    HAVE WITHOUT FAIL POINTED THE FINGER NOT AT THEMSELVES BUT
 6    SQUARELY AT MR. FRANCIS AS IF HE IS SOME KIND OF SUPER VILLAIN,
 7    YOU KNOW, ABLE TO CORRUPT ANY NAVAL OFFICER WITH A FLICK OF A
 8    WRIST.
 9         THE COURT:  NOT JUST ANY, THOSE WITH VULNERABILITIES
10    WHO ARE WILLING TO BE HAD.
11         MS. BURSTEIN:  RIGHT.
```



THERE IS AS CLOSE TO ZERO CHANCE, AND I'M TELLING YOUR

HONOR WITH EVERY FIBER OF MY BEING, THERE IS ZERO CHANCE HE

WOULD DO ANYTHING TO JEOPARDIZE THAT, ZERO.  HE HOLDS AN

INCREDIBLE AMOUNT OF RESPECT FOR THIS COURT, AN INCREDIBLE

AMOUNT OF RESPECT FOR MR. PLETCHER, AND THE -- MOST OF ALL OF

DR. ███████.

THE THING HE WANTS TO DO IS FULFILL HIS OBLIGATIONS

THE COURT:  IT WAS MAY 29TH THROUGH JUNE 6TH?

MS. BURSTEIN:  YES.

1          MR. PLETCHER:  IT'S SHORTER THAN THAT NOW, RIGHT?

2          MS. BURSTEIN:  YES.  NOW WE WOULD BE COMING BACK ON THE

3     2ND.

4          YOUR HONOR, I CAN ABSOLUTELY 100 PERCENT ASSURE THE

5     COURT THAT, EXCEPT FOR WHEN HE IS SLEEPING OR IN HIS ROOM, HE

6     WILL BE WITHIN MY SIGHT THE ENTIRE TIME.  I WILL HAVE HIS

7     TRAVEL DOCUMENTS.  HE WILL HAVE ZERO MONEY ON HIM.  HE'S A MAN

8     WHO CAN BARELY WALK AT THIS POINT.  I WILL GET HIM A WHEELCHAIR

9     IN THE AIRPORT.  I MEAN, YOU COULD GIVE HIM AN HOUR HEAD START

10    AND I WOULD CATCH HIM IN ABOUT IN ONE SECOND.

11          HE'S NOT GOING ANYWHERE ███████████████████████

12    ███████████  I CAN ABSOLUTELY ASSURE THIS COURT.  I PUT MY ENTIRE

13    CREDIBILITY AND REPUTATION THAT I'VE BUILT OVER A DECADE HERE

14    ON THE LINE FOR THAT.  HE'S NOT GOING ANYWHERE, YOUR HONOR.  I

15    WILL WATCH HIM EVERY SECOND HE'S NOT IN HIS HOTEL ROOM, YOUR

16    HONOR.

17          THE COURT:  ANYTHING YOU WANT TO ADD TO THAT?

18          MR. PLETCHER:  SO THAT IS THE CONVERSATION THAT MR.

19    BURSTEIN AND I HAD BEFORE MAKING THIS MOTION BECAUSE I HAD SOME

20    OF THE SAME CONCERNS, PARTICULARLY NOT HAVING THE SECURITY

21    DETAIL, AND THE SECURITY OF HIM AND HIM BEING A DEFENDANT IN

22    THIS CASE IS VERY IMPORTANT.  IT'S A CRITICAL AND UTMOST

23    IMPORTANCE TO THE UNITED STATES.  WE TRY TO DO OUR BEST TO

24    FACILITATE THE CASES OF OUR NAVY COLLEAGUES AS WELL, AND SO

25    BALANCING ALL THOSE THINGS OUT, WITH THE GPS AND MR. BURSTEIN'S

1       REPRESENTATION THAT HE WON'T HAVE TRAVEL DOCUMENTS, WON'T HAVE

2       MONEY, WON'T HAVE A CELL PHONE, IT WAS -- ON BALANCE IT SEEMED

3       LIKE A REASONABLE TIME-LIMITED THING TO ALLOW HIM TO DO.

4           I THINK YOUR HONOR BRINGS UP A GOOD POINT NOW, WHICH WE

5       BOTH WOULD AGREE, IS GIVEN THAT THEY HAVE CHANGED THE COURSE OF

6       THIS TRIAL TO BE A BENCH TRIAL, WE WILL CERTAINLY GO BACK TO

7       THEM AND SEE WHETHER VIDEO TESTIMONY UNDER OATH FROM HERE IS

8       SOMETHING THAT THEY WOULD CONSIDER GIVEN HIS HEALTH PROBLEMS.

9           I WANTED TO ALSO MENTION, YOUR HONOR, WE ABSOLUTELY

10      INTEND THIS FRIDAY TO MAKE PUBLIC THAT HE'S ON MEDICAL FURLOUGH

11      AND OUT OF CUSTODY.  WE'RE NOT GOING TO GO INTO A LOT OF DEPTH

12      INTO REASONS AND MEDICAL DIAGNOSIS AND STUFF, BUT WE ARE GOING

13      TO SEND A LETTER TO ALL DEFENSE COUNSEL JUST SAYING ON SUCH AND

14      SUCH A DATE MEDICAL FURLOUGH WAS GRANTED.  HE WAS HOSPITALIZED.

15      HE'S BEEN MOVED TO A PRIVATE APARTMENT.  HE REMAINS UNDER DAILY

16      OF A PHYSICIAN AND CONTINUES BE ON MEDICAL --

17           THE COURT:  I THINK THAT'S IMPORTANT AT THIS POINT.

18           MR. PLETCHER:  I THINK FOR THE REASONS THAT THE COURT

19      SAID, BUT ALSO JUST FOR THE REASONS FOR TRANSPARENCY AND

20      DISCLOSURE.  I THINK WE HAVE MORE CERTAINTY AS TO THE

21      CIRCUMSTANCES NOW, AND AT LEAST THAT SORT OF THING.  WE CAN

22      BALANCE THINGS LIKE PERSONAL DISCLOSURES OF HIS PRIVACY AND HIS

23      MEDICAL CARE AGAINST THE NEED TO TRANSACT WITH TRANSPARENCY AND

24      IN THE OPEN.

25           THE COURT:  DID YOU WANT TO ADD ANYTHING, SIR?

```
 1              THE PRETRIAL SERVICES OFFICER:  YOUR HONOR, JUST MAYBE
 2         BRIEFLY.  YOU KNOW, MR. FRANCIS'S SEVERAL MEDICAL ACTIVITIES,
 3         AND MR. BURSTEIN AND HIS DOCTORS HAVE REALLY KEPT ME INFORMED
 4         OF WHAT HE'S DOING AND HAS HELPED ME SUPERVISING HIM ON GPS,
 5         WHICH IS ONE OF THE REASONS WHY WE DIDN'T OPPOSE THIS REQUEST.
 6         SO WE DON'T OPPOSE HIM -- YOU KNOW, IF HE'S WITH MR. BURSTEIN,,
 7         AND MR. BURSTEIN LETS US KNOW WHAT ACTIVITIES HE NEEDS TO DO
 8         THAT ARE RELEVANT TO HIM TESTIFYING, WE WOULDN'T OPPOSE THAT.
 9              THE COURT:  OKAY.
10              MR. PLETCHER:  WE ALSO HAVE ONE ADDITIONAL THING.
11              THE COURT:  SURE.
12              MR. PLETCHER:  IT'S IMPORTANT FOR US, TOO, AND IT'S
13         OBVIOUSLY OF PARAMOUNT CONCERN FOR THE COURT, TOO, BUT WE HAVE
14         AGENTS FROM THE NAVAL CRIMINAL INVESTIGATIVE SERVICE AND THE
15         DEFENSE CRIMINAL INVESTIGATIVE SERVICE WHO ARE EITHER IN
16         NORFOLK OR TRAVELING FROM HERE TO NORFOLK, AND WHILE THEY'RE
17         NOT IN A POSITION TO BE A 24-HOUR GUARD OUTSIDE HIS HOTEL ROOM,
18         THEY ARE IN A POSITION TO DO THINGS LIKE CHECK, CALL.  AND IF
19         THE COURT THINKS THAT THERE'S SOME KIND OF ADDITIONAL SERVICE
20         THAT THEY COULD PROVIDE IN THAT REGARD, I'M SURE THEY WOULD BE
21         MORE THAN HAPPY TO DO THAT.
22              OBVIOUSLY MR. KOSMO IS WATCHING THE GPS, AND MR.
23         BURSTEIN HAS REPRESENTED THAT HE'S WATCHING THE BODY, BUT THIS
24         WOULD BE A THIRD LEVEL OF SORT OF REDUNDANCY AND SAFETY TO MAKE
25         SURE THAT THAT ISSUE IS TAKEN CARE OF.
```

1           MS. BURSTEIN:  AND THAT'S A GOOD POINT I FORGOT TO

2     MENTION.  I ACTUALLY ASKED THE HEAD PROSECUTOR TO MAKE ONE OF

3     THE AGENTS THAT WE'RE FAMILIAR WITH FROM THE SAN DIEGO

4     INVESTIGATION, JILL KELLY, WHO WAS PART OF THE INVESTIGATION

5     HERE, AVAILABLE TO US TO TAKE US ONTO THE BASE, IF WE NEED TO

6     GO HOPEFULLY FROM THE AIRPORT.

7           THE COURT:  TO NORFOLK.

8           MS. BURSTEIN:  ASSUMING THE COURT DOES LET US GO TO

9     NORFOLK OR DOES AUTHORIZE US TO COMPLY WITH THE SUBPOENA, SO IT

10    WOULD BE A FEDERAL AGENT WHO IS FAMILIAR WITH THE CASE WOULD BE

11    PROVIDING THE TRANSPORTATION.  I'VE ASKED COMMANDER TANG TO

12    ASSURE ME OF THAT, AND SHE SAID THAT WOULD BE NO PROBLEM.

13    OBVIOUSLY I'M NOT THERE, AND I DON'T HAVE CONTROL OVER JILL

14    KELLY.

15          THE COURT:  DOES MR. FRANCIS STILL HAVE HIS 24-HOUR

16    SECURITY AT HIS APARTMENT?

17          MS. BURSTEIN:  HE DOES, YOUR HONOR.

18          THE COURT:  I'M NOT AUTHORIZING THIS, COUNSEL.  YOU CAN

19    LET THE NAVY KNOW THAT THE COURT DECLINES TO SIGN IT, AND THAT

20    VIDEO CONFERENCING IS AN OPTION.  YOU KNOW WHERE TO FINE ME AND

21    BRING THINGS BACK IF THERE'S ANYTHING FURTHER I CAN DO, BUT I'M

22    NOT AUTHORIZING HIS TRANSPORTATION ACROSS THE COUNTRY, AND IT

23    IS NO DISRESPECT TO YOU, MR. BURSTEIN.

24          MS. BURSTEIN:  UNDERSTOOD, YOUR HONOR.

25          THE COURT:  BUT IN THE EVENT THAT WE LOST HIM

1    SOMEWHERE, THOSE IN THIS ROOM WOULD LOOK PRETTY FOOLISH AND

2    PRETTY LACKING IN JUDGMENT, AND I JUST DON'T THINK IT'S

3    APPROPRIATE.  IF IT JUST REQUIRES ONE MORE PERSON TO GO AND TO

4    SEE THAT, I DON'T SEE WHAT THE DIFFICULTY IS THERE, I REALLY

5    DON'T.

6         NOW, WE'VE GOT A JUNE 14TH STATUS HEARING, AND AT THAT

7    TIME I'M SURE YOU'LL FULLY BRIEF ME ON ANYTHING, BUT I EXPECT

8    I'M GOING TO HEAR BACK FROM YOU ON SOMETHING ELSE BECAUSE

9    YOU'RE GOING TO GET SOME ADDITIONAL INFORMATION AND YOU MAY

10   NEED SOMETHING FURTHER, BUT THE WAY THE ORDER'S WRITTEN I'M NOT

11   SIGNING IT, FOLKS.

12        MS. BURSTEIN:  SO IF SECURITY DOES ACCOMPANY, IS THE

13   COURT --

14        THE COURT:  I WOULD START BY TELLING THE NAVY -- LOOK,

15   YOU HAVE TO DO THIS.  MAYBE HE CAN BE VIDEOED.  IT'S A BENCH

16   TRIAL NOW.  IT'S NOT A JURY TRIAL.  I DON'T KNOW.  YOU KNOW,

17   YOU GO TO THE COURT OF APPEALS AND SEVERAL OF THE JUDGES ARE ON

18   THE VIDEO SCREEN FOR A VARIETY OF REASONS.

19        MR. PLETCHER:  THEY ARE NOW.

20        THE COURT:  AND I GUESS I'M JUST SAYING IT CAN BE

21   PRETTY EFFECTIVE.  WE'VE DONE IT FROM HERE IN THIS COURTROOM.

22   YOU CAN DO IT UPSTAIRS.  I'M SURE YOU HAVE THE CAPABILITY IN

23   YOUR OFFICE.  THINK ABOUT IT A LITTLE BIT.

24        I HOPE I DIDN'T, BUT I THINK I DID, SURPRISE YOU A

25   LITTLE BIT THIS AFTERNOON.

1          MS. BURSTEIN:  DEFINITELY, YOUR HONOR.

2          THE COURT:  THINK OF THE OTHER SIDE OF THIS, FOLKS,

3      BECAUSE IT SHOULDN'T HAVE SURPRISED YOU.

4          MR. PLETCHER:  WELL, WE -- CERTAINLY THE GOVERNMENT

5      TAKES ALL OF THAT INTO CONSIDERATION.

6          THE COURT:  I'D LIKE TO SEE THEM DO IT FROM HERE.

7          MR. PLETCHER:  WHY DON'T WE DO WHAT THE COURT IS

8      SUGGESTING WHICH IS TO TAKE AN INCREMENTAL APPROACH, AND WE'LL

9      GO BACK AND CHECK ON THE POSSIBILITY OF VIDEO TESTIMONY.  IT

10     SHOULD CARRY THE DAY, AND IF IT DOESN'T, THEN WE CAN COME BACK

11     AND TRY TO ALLEVIATE THE COURT'S CONCERNS.

12         THE COURT:  MR. BURSTEIN, DOESN'T THE NAVY CARE IT'S

13     NOT IN HIS BEST HEALTH INTERESTS TO BE EXPOSED?

14         MS. BURSTEIN:  I THINK THE NAVY CARES ABOUT ITS TRIAL

15     AND ITS PROSECUTION OF COMMANDER MORALES.  I THINK THAT'S WHAT

16     THE NAVY PROSECUTORS CARE ABOUT.

17         MR. PLETCHER:  IT'S A BALANCE, RIGHT, EVERYBODY HAS

18     TRIED TO BALANCE AND COME UP WITH THE BEST INTERESTS INSTEAD OF

19     DRAWING BRIGHT LINES WITH ONES AND ZEROES.

20         THE COURT:  MR. BURSTEIN'S COMMITMENT IS CLEAR, TO TAKE

21     CARE OF HIS CLIENT'S HEALTH AND WELL BELING, ███████████

22     ████████████████████████████     █████████████████████████████

23         YOU CARE ABOUT YOUR COUNTERPARTS AT THE NAVY, BUT WE'VE

24     GOT THIS CASE HERE, AND YOU NOW UNDERSTAND MY CONCERN IN ALL OF

25     THIS, SO LET ME KNOW.  I'M HERE TO SIGN WHAT ORDERS I'M WILLING

1    TO SIGN, AND, IF NOT, YOU KNOW I'LL JUST BRING YOU IN AND TELL

2    YOU WHERE I'M COMING FROM.

3            MS. BURSTEIN:  THANK YOU, YOUR HONOR.  I'M OUT OF THE

4    DISTRICT -- ACTUALLY OUT OF THE COUNTRY ALL NEXT WEEK SO --

5            THE COURT:  YOU HAVE A PARTNER.

6            MS. BURSTEIN:  AND SO THAT WILL BE FINE.  I JUST WANT

7    TO ASK DIRECTLY, IF THE NAVY IS UNWILLING TO DO VIDEO

8    CONFERENCE, AND IS -- SHOULD WE THEN SUGGEST TRAVEL WITH

9    SECURITY?

10           THE COURT:  I DON'T KNOW.  I'LL CONSIDER WHATEVER YOU

11   BRING TO ME, BUT I DON'T THINK THE NAVY'S GOING TO SAY THAT.

12   LET THE NAVY KNOW THE COURT IS NOT WILLING TO DO THIS.  THE

13   COURT TAKES VERY SERIOUSLY THAT SHE HAS THE LEAD DEFENDANT ON

14   THE LARGEST NAVY BRIBERY CASE EVER INVOLVING THE 7TH FLEET.

15   THIS MAKES THE PAPER ROUTINELY, THE WASHINGTON POST, THE NEW

16   YORK TIMES, UP AND DOWN THE EASTERN SEABOARD.

17           IT'S GOING TO BE NOTED WHERE HE'S GOING AND WHAT HE'S

18   DOING, AND IT SHOULD BE DONE APPROPRIATELY, AND IT'S NOT DONE

19   APPROPRIATELY IN THE WAY THAT YOU'RE SUGGESTING IT HERE.  WHAT

20   THAT APPROPRIATE WAY WOULD BE, I DON'T WANT TO DESIGN THE

21   SECURITY AND SAY, "WELL IF HIS 24-HOUR GUARD GOES WITH HIM,

22   THAT'S OKAY."

23           START, AS AS MR. PLETCHER SAYS, INCREMENTALLY.  PASS

24   THIS INFORMATION ON TO THE NAVY AND SEE WHAT THEY SAY.

25           MR. PLETCHER:  WE WILL.  THANK YOU, YOUR HONOR.

```
1              MS. BURSTEIN:  THANK YOU, YOUR HONOR.

2              THE COURT:  THANK YOU.

3         (THE HEARING CONCLUDED.)

4

5

6

7

8

9

10

11

12

13

14                    C E R T I F I C A T E

15

16         I, GAYLE WAKEFIELD, CERTIFY THAT I AM A DULY
   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
17 STATES DISTRICT COURT, THAT THE FOREGOING IS A TRUE AND
   ACCURATE TRANSCRIPT OF THE PROCEEDINGS AS TAKEN BY ME IN THE
18 ABOVE-ENTITLED MATTER ON MAY 16, 2018; AND THAT THE FORMAT USED
   COMPLIES WITH THE RULES AND REQUIREMENTS OF THE UNITED STATES
19 JUDICIAL CONFERENCE.

20

21 DATED:_____       /S/ GAYLE WAKEFIELD_____
                                GAYLE WAKEFIELD, RPR, CRR
22                              OFFICIAL COURT REPORTER

23

24

25
```

**Proof of Service**

I, Devin Burstein, am not a party to the action. My business address is 501 West Broadway, Suite 240, San Diego, CA 92101.   On June 6, 2018, I served the above document on the parties via ECF.

Dated: June 6, 2018                                  /s/ *Devin Burstein*
                                                     Devin Burstein
                                                     Attorney at Law

2